# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| AARON MARCEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-82-SNLJ |
| | ) | |
| TWIN RIVERS HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Aaron Marcel Jackson, an inmate at the Pemiscot County Jail, for leave to commence this action without payment of the required filing fee. Plaintiff's motion will be granted. Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a declaration and a copy of his prison account statement for the four-month period immediately preceding the submission of his complaint. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $44.25, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff's 42 U.S.C. § 1983 civil rights claims arise out of his arrest in Pemiscot County, Missouri on one count of felony abuse or neglect of a child resulting in death under Missouri statute § 568.060.5(2) and two counts of felony abuse or neglect of a child under Missouri statute

-2-

§ 568.060.5(1). He names as defendants Dustin Crawford, Torrance Akins, and Tommy Greenwell (Deputies of Pemiscot County); Caruthersville Child Services Office; Dr. Perez (Twin Rivers Hospital); Dr. Beach (pediatrician); Dr. Swindle (pediatrician); Twin Rivers Hospital; and Hayti Hospital.

Plaintiff claims defendants Greenwell, Crawford, and Akins maliciously arrested him and defamed his character. He makes no allegations against Caruthersville Child Services Office. He alleges the medical defendants failed to inform him of an alleged lung disease plaintiff's daughter had from birth to age four. His statement of his claim is as follows:

> On 12/31/18 I was arrested and charged with neglect resulting in my daughters passing. One autopsy say she passed from [pneumonia]. Another states that she passed from a lung disease called (ILD) which is contracted at birth. Hospitals and Pediatricians failed to inform my spouse and I of any illness or sickness of such nature. Now we are being charged for harming our child or simply not doing enough when that is clearly not what was happening! Please help us.

For relief, plaintiff seeks $5 million dollars for defamation of character, medical malpractice, malicious arrest, and pain and suffering.

### Discussion

First, plaintiff's § 1983 claims against the medical defendants—Dr. Perez, Dr. Beach, Dr. Swindle, Twin Rivers Hospital, and Hayti Hospital—will be dismissed for failure to state a claim. Section 1983 actions may not be brought against private actors, only against those acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Plaintiff has not alleged the doctors or hospitals were acting under color of state law. Furthermore, plaintiff's stated claim against these defendants is for medical malpractice. Medical malpractice is a state law claim, and plaintiff has not alleged any facts from which this Court could conclude it had subject matter jurisdiction over such claim. Nor do these claims arise out of the same series of transactions. A plaintiff cannot normally seek to join in one lawsuit several claims against

several different defendants, arising out of a different occurrences or transactions. *See* Fed. R. Civ. P. 20(a)(2). For these reasons, the Court will dismiss without prejudice plaintiff's medical malpractice claims against defendants Dr. Perez, Dr. Beach, Dr. Swindle, Twin Rivers Hospital and Hayti Hospital.

Plaintiff has made no allegations against defendant Caruthersville Child Services Office. He simply lists this entity as a defendant in the caption of the case. Because plaintiff states no claims against Caruthersville Child Services Office, the Court will dismiss this defendant from the case.

Plaintiff's claims against the deputies of Pemiscot County—Dustin Crawford, Tommy Greenwell, and Torrance Akins—will be stayed under the principles of *Wallace v. Kato* until plaintiff's underlying criminal proceedings have concluded. In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for unlawful (or malicious) arrest and unlawful incarceration. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending in Pemiscot County against plaintiff has been resolved through criminal appeals and post-conviction processes.

Finally, to the extent plaintiff alleges the deputy defendants defamed his character, these allegations will be dismissed. Plaintiff's allegations of defamation are vague and conclusory, wholly lack factual support, and are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Even pro se plaintiffs are required to allege facts in support of their claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Because plaintiff has not alleged any factual support for his claims of "defamation of character," the Court will dismiss these claims against defendant deputies Tommy Greenwell, Dustin Crawford, and Torrance Akins.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $44.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Dr. Perez, Dr. Beach, Dr. Swindle, Twin Rivers Hospital, Hayti Hospital, and Caruthersville Child Services Office are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims of defamation of character against defendants Tommy Greenwell, Dustin Crawford, and Torrance Akins are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the remaining proceedings in this case are **STAYED** pending final disposition of the proceedings against plaintiff relating to his criminal case *State v. Jackson*, No. 18PE-CR00974-01 (34th Jud. Cir., Pemiscot Cty.).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Jackson*, No. 18PE-CR00974-01 (34th Jud. Cir., Pemiscot Cty.).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *State v. Jackson*, No. 18PE-CR00974-01 (34th Jud. Cir., Pemiscot Cty.). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel **DENIED as moot**. [ECF No. 4]

An order of partial dismissal will accompany this memorandum and order

Dated this _17th_ day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE